UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FREDDY SAMUEL GOMEZ GUTIERREZ,

Petitioner,

v.

JAMES JANECKA, et al.,

Respondents.

Case No. 5:26-cv-04144-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 246-391-828**

Freddy Samuel Gomez Gutierrez ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California.  Dkt. No. 1.  The Court has considered the Petition and Respondents' Answer, which does not present "an opposition argument to the merits of Petitioner's detention."  Dkt. No. 8 at 2.[1]

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

## I. Background

The Court incorporates by reference, the allegations in the Petition, which are not contested by Respondents. Dkt. No. 1.

## II. Discussion

The Petition asserts three claims: (1) Petitioner's mandatory detention violates 8 U.S.C. § 1226(a); (2) Petitioner's detention without a bond hearing violates the Administrative Procedure Act; and (3) Petitioner's re-detention without notice and a custody redetermination violated procedural due process.

### A. Procedural Due Process

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

2

First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1.   Private Interest

Petitioner has a substantial private interest in remaining out of custody.  Petitioner entered the United States near the southern border on November 23, 2022, presented himself to immigration authorities, was processed and then released on humanitarian parole under 8 U.S.C. § 1182(d)(5).  While released, Petitioner was subject to periodic reporting requirements which he complied with.  He filed an application for asylum, which is pending, and appeared for his biometrics appointment as directed. United States Citizenship and Immigration Services ("USCIS") granted Petitioner employment authorization, which is valid through January 30, 2029; he was also issued a Social Security number.  He has been steadily employed at a printing company in Los Angeles since March 2024 and has filed federal and state taxes.  He has been married to a U.S. citizen since March 2026 and is the principal financial provider for his household.   Petition at 14–16.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases).  Petitioner's release

included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

### 2.   Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC,

4

2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted).  Further, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring his detention.  *See* 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding").

The record before the Court does not show any changed circumstances that would suggest Petitioner is a flight risk or danger.  Petitioner alleges he has no criminal history and was complying with all conditions of parole.  In fact, Petitioner was re-detained on July 20, 2026 after appearing, as directed, to his scheduled check-in appointment at the ICE Los Angeles Field Office.  Petition ¶ 61.  Furthermore, it does not appear Petitioner has been afforded a bond hearing; he alleges that as of the date of filing the Petition, he had not received an individual determination by a neutral decisionmaker that he was a danger or flight risk.[2]  Petition ¶ 67.

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

### 3. Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing."  *Cruz*, 2025 WL 4051129 at *4 (collecting cases).

---

[2] Respondents' Answer includes a footnote stating that Petitioner can unilaterally request a *Rodriguez* bond hearing under *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), which places the burden on the government after six-months of detention. *See* Dkt. No. 8 at 2, n.1.  It is unclear how Petitioner can request a *Rodriguez* bond hearing since he has been detained for less than six months: since July 20, 2026. Regardless, for the reasons discussed in this Order, the Court finds that Petitioner is entitled to greater relief.

"[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]'" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

As stated earlier, Respondents are not presenting an opposition argument to the merits of Petitioner's detention at this time, but "oppose certain requests for relief that go beyond traditional remedies afforded under Habeas Petitions" such as "any relief of requiring a 'pre-deprivation' custody redetermination hearing as well as oppose any relief that establishes and flips the burden of proof at an immigration bond hearing pursuant to 8 U.S.C. 1226(a)." Dkt. No. 8 at 2. As the Court is not ordering prospective relief

enjoining re-detention without a pre-deprivation hearing or ordering a bond hearing, the Court declines to address Respondents' arguments in the Answer.

## III.   Order

For the foregoing reasons, the Petition is GRANTED as to Count Three, and the remaining counts are dismissed without prejudice.

Petitioner Freddy Samuel Gomez Gutierrez (A# 246-391-828) is **ordered released** on his prior conditions of release within 24 hours of this Order.

At the time of release, Respondents are ordered to return to Petitioner all of Petitioner's personal property, belongings, and documents that were seized from or held in connection with his arrest and detention.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) confirming the return to Petitioner of his personal belongings.

IT IS SO ORDERED.

DATED: August 3, 2026

*Patricia Donahue*

_____

Patricia Donahue
United States Magistrate Judge

7